THE STATE ex rel. WILLIAM EDGAR, Appellant, *vs.*
THE SUPERVISORS OF THE TOWN OF EXETER.

APPEAL FROM CIRCUIT COURT, GREEN COUNTY.

Heard October 20.]                    [Decided November 29, 1859.

*Mandamus—Appeal—Bill of Exceptions.*

If upon the trial of an issue in a mandamus case, to compel the supervisors
of a town to lay out a road, the circuit judge shall find their proceedings
irregular, and deny the writ; the supreme court on appeal will not look
into the finding of the facts, unless there be a bill of exceptions or case
made in the court below.

Where proceedings before supervisors to procure the laying out of a road
were irregular, and not such as the law requires, a mandamus will not
be allowed to compel them to lay out the road.

The facts of this case are sufficiently stated in the opinion
of the court.

*H. K. Whiton,* for the appellant.

*H. Medbury,* for the respondent.

*By the Court,* PAINE, J.   This is an appeal from the judg-
ment of the circuit court, refusing a peremptory *mandamus.*
The grounds on which the writ was claimed were, that ap-
plication had been properly made to the supervisors to lay
out a road, and that they had refused ; that an appeal was
taken from their decision to commissioners appointed by a
justice of the peace, who reversed the order of the super-
visors, and that the latter still refused to proceed to lay out
the road.

The supervisors, on the order to show cause, averred that
the proceedings before them had been irregular, and were

null and void, without specifying in what the irregularity consisted. They also averred that the proceedings on the appeal from them to the commissioners were irregular and void, because the justice to whom the appeal was taken, and who appointed the commissioners, was himself one of the supervisors who had acted upon the application.

All objections to the pleadings in point of form were waived by the attorneys; and they went to trial before the circuit judge on the issue as above substantially stated. The judge found that the proceedings before the supervisors were irregular and not such as the law prescribed, and refused the peremptory writ. The matter is brought here by appeal under the authority of § 5, chap. 116, R. S., 1858. There are no exceptions nor was any case made, and although the records of the proceedings before the supervisors are sent up, still we think the only question before us on the appeal is whether the finding of the judge below justifies his refusal of the writ. He finds as a matter of fact that the necessary proceedings were not had before the supervisors to justify them in laying out the road. And if this was so, clearly, they ought not to be compelled by mandamus to lay it out.

We do not think, as the case is presented, that we can look into the facts; though if we should, we think it very doubtful whether the appeal from the supervisors to the commissioners could be sustained, inasmuch as the justice to whom the appeal was taken was one of the supervisors who acted on the application, and who dissented from the decision appealed from. There is no express provision in the Revised Statutes of 1849 concerning the laying out of highways, under which these proceedings were had, prohibiting such an appeal from being taken before one of the supervisors himself, who happened to be also a justice of the peace. But it was probably because such a proceeding was not anticipated. It is inconsistent with the very nature and object

of an appeal in .such a case, that a dissenting supervisor could act as a justice and appoint commissioners to review the action of the majority.

But without determining this question we think the order must be affirmed for the reason first stated.